**R. P. BERGFELD**

v.

**Ellis CAMPBELL, Jr., District Director of Internal Revenue.**

Civ. 8267.

United States District Court
N. D. Texas,
Dallas Division.

Aug. 5, 1960.

Wentworth Durant and Robert Hobby, Durant, Hobby & Mankoff, Dallas, Tex., for plaintiff.

W. B. West, III, U. S. Atty., Fort Worth, Tex., William E. Smith, Asst. U. S. Atty., Dallas, Tex., for government.

DAVIDSON, District Judge.

The petitioner, R. P. Bergfeld, and taxpayer involved herein seeks an injunction against an alleged void assessment of tax. The Government replies and asserts that the assessment complained of was not void but was in every way legally and properly made.

The taxpayer contends that the assessment is void, because the law requires that he have 90 days' notice of the determination of this assessment which he claims was not given him, and the determination of the question before us hinges on whether or not this notice was in fact given as required by law.

The statute in question, Sec. 272 of the Internal Revenue Code of 1939, 26 U.S. C.A. § 272, reads in part as follows:

"* * * notice of a deficiency in respect of a tax imposed by this chapter, if mailed to the taxpayer at his last known address, shall be sufficient for the purposes of this chapter * * *"

The law also provides:

"* * * Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court of the United States for a redetermination of the deficiency. * * *"

The Government tenders into court notice to Mr. Bergfeld, the following registered letter reading in part:

"April 28, 1949

"Mr. Rudolph P. Bergfeld,
"6655 Lakewood Boulevard,
"Dallas, Texas.

"Dear Mr. Bergfeld:

"You are advised that the determination of your income tax liability

for the taxable year ended December 31, 1945, discloses a deficiency of $9,113.97, with a fraud penalty of $4,556.98, and a delinquency penalty of $2,278.49. You are also advised that the determination of your income tax liability for the taxable year ended December 31, 1946, discloses a deficiency of $34,920.31, with a negligence penalty of $1,746.02, as shown in the statement attached.

"In accordance with the provisions of existing internal revenue laws, notice is hereby given of the deficiency or deficiencies mentioned.

"Within 90 days (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the 90th day) from the date of the mailing of this letter, you may file a petition with The Tax Court of the United States, at its principal address, Washington 25, D. C., for a redetermination of the deficiency or deficiencies."

Contemporaneously with the mailing of this letter a like letter was mailed covering the years of 1943 and 1944. The total involved in the four years amounts, with penalties assessed, to something approximating $157,000. Copies of the 90-day letter were mailed to the taxpayer's attorney.

It will be noted that this letter was addressed to the taxpayer at 6655 Lakewood Boulevard, Dallas, Texas. Other letters and communications addressed to and from the taxpayer during this period at the above address were as follows:

| Date | Address | Exhibit |
|---|---|---|
| 2-14-47 | 6112 Martel | Agent Tipps' Report |
| 6-3-47 | 2518 Main | Notice of Conference to Taxpayer |
| 11-25-47 | 6655 Lakewood | Agent's Report |
| 1-2-48 | 6655 Lakewood | 30-day Letter to Taxpayer (2) |
| 1-29-48 | 6655 Lakewood | Protest from Taxpayer (prepared by an accountant but over taxpayer's signature) |
| 2-10-48 | 6655 Lakewood | Letter to Taxpayer Acknowledging Receipt of Protest |
| 4-13-48 | 6655 Lakewood | Notice of Hearing to Taxpayer |
| 5-17-48 | 6655 Lakewood | Letter from Taxpayer (last communication from taxpayer over his signature) |
| 6-7-48 | 6655 Lakewood | Letter to Taxpayer |
| 4-28-49 | 6655 Lakewood | 90-day Letter to Taxpayer (2) (copy sent to taxpayer's attorney) |

It appears that during this period the plaintiff was not living at the above address but that he had moved from one place to another on several occasions, that he was married and remarried during this period to three different ladies and that a portion of the time he resided in Houston, Texas. The evidence indicates he had an address at six different places. It does not appear that any of such addresses were furnished to the Government in any official communication.

It does appear from the tax returns filed in 1943 to 1946, inclusive, that he had a business address of 2518 Main Street, Dallas. The taxpayer claims and insists that the Government should have addressed his notice to this business address, but the Government directs attention to the fact that the last of these tax returns was filed in 1946 whereas in 1947 and four times in 1948 the plaintiff was addressed letters or wrote letters from the Lakewood address of 6655. The Government particularly points out a letter from him dated January 29, 1948 in the nature of a protest from the taxpayer prepared by an accountant but over the taxpayer's signature which gave his address as 6655 Lakewood and this the Government claims to be his last known address so far as their records show.

The evidence further shows that this Lakewood address was the address of the plaintiff's father during this period of time and since the plaintiff was changing his address on several occasions it may be readily assumed that he intended to treat his father's address as his permanent address. Regardless, however, of his intention the issue would turn, according to the statute, on the last known address given to the Government.

The plaintiff directs the Court's attention to the fact that the amount of tax now claimed, including civil penalties, amounts to approximately $157,000 which he says he is wholly unable to pay so as to enable him to bring suit in this Court for the return of the money and to have ascertained in connection therewith the tax actually due by him, and that being without a remedy to assert and establish the actual tax due works a great hardship upon him. And if it be true as he asserts that he owes much less tax than that claimed by the Government, it does work hardship and the Court has considered the statutory provision requiring this 90-day notice. The statute, however, appears to be mandatory and The Tax Court has so considered it and dismissed his appeal to it based on such notice and we have not been shown any decision that would enable the Court to exercise its discretion or equity powers so as to change or alter the date of this 90-day notice which is required by law.

And such being true the petition for injunction must be denied.